UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-20876-CIV-GOODMAN

[CONSENT CASE]

JUAN MEGGS,

    Plaintiff,

vs.

CONDOTTE AMERICA, INC., and
ENRIQUE ESPINO,

    Defendants.
_____/

## ORDER

This Cause is before the Court on the joint motion of Defendants, Condotte America, Inc. ("Condotte") and Enrique Espino ("Espino"), to dismiss the amended complaint and for a more definite statement. [ECF No. 15]. Plaintiff, Juan Meggs ("Meggs"), filed a response [ECF No. 16] and Defendants filed a reply [ECF No. 19].

Having reviewed the motion, the response, the reply and the pertinent portions of the record, the Court **denies** the Defendants' motion.

I.     BACKGROUND

   A. **Procedural Background**

This is an action seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*. Meggs filed his original complaint on March 2, 2012. [ECF No. 1]. In response, Defendants filed a motion to dismiss and for a more definite statement. [ECF No. 7]. Before the District Court ruled on that motion, Meggs filed an amended complaint.[1] [ECF No. 13]. Defendants then filed the instant motion.

   B. **Factual Background**

Meggs alleges that Condotte performs construction on, among other things, highways, commercial buildings, and projects for private clients. [ECF No. 13, ¶¶ 5-6]. Meggs identifies the following South Florida interstate construction projects Condotte has worked on: the Omni Guideway Metro Mover Extension and the Tamiami Toll Plazas. [*Id.* at ¶ 6]. Meggs claims that he was employed as a carpenter by Defendants from April 2010 to November 2011 and that during his employment Defendants failed to pay him, and other similarly situated employees, overtime compensation. [*Id.* at ¶¶ 2, 8-9]. Finally, according to Meggs, Condotte has annual gross sales of at least $500,000 and Espino owns Condotte and manages Condotte's day-to-day operations. [*Id.* at ¶ 8].

---

[1] The parties consented to Magistrate Judge Jurisdiction on May 16, 2012, and the District Court referred this matter to the Undersigned on May 17, 2012. [ECF Nos. 17; 18].

Defendants filed the instant motion to dismiss the amended complaint and for a more definite statement. [ECF No. 15]. Defendants assert that Meggs has failed to plead sufficient facts to assert an FLSA claim and a collective action FLSA claim. [*Id.* at pp. 3-8]. In response, Meggs maintains that he has sufficiently alleged an FLSA claim and a collective action FLSA claim. [ECF No. 16].

## II. LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded facts in the complaint and all reasonable inferences drawn therefrom are taken as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. This pleading standard, however, "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In sum, under *Iqbal* and *Twombly*, a plaintiff cannot simply plead only bare-bones factual

allegations in his complaint; a plaintiff, however, is not required to plead a turducken[2] of facts.

## III.   ANALYSIS

Defendants move to dismiss the amended complaint on two primary grounds. First, they assert that Meggs has not pled sufficient facts to state a cause of action under either "enterprise" or "individual" coverage under the FLSA. [ECF No. 15, pp. 3-5]. Second, Defendants contend that Meggs has failed to plead enough details to assert a collective action under the FLSA. [*Id.* at pp. 6-8].[3]

### A.   Failure to State a Cause of Action – Enterprise or Individual Coverage

Meggs must allege sufficient facts to show either individual **or** enterprise coverage in order to invoke the FLSA overtime provisions. *See Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010). For individual coverage to apply, Meggs must show that he was: (1) engaged in commerce; or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). For enterprise coverage to

---

[2]   "A poultry dish consisting of a boned chicken inside a boned duck which is in turn placed inside a (partially) boned turkey, along with seasoned stuffing between the layers of meat and in the central cavity, the whole typically being cooked by roasting." Oxford English Dictionary (3d ed. 2009) *available at* http://oed.com/view/Entry/273637?redirectedFrom=turducken#eid (last visited August 13, 2012).

[3]   Defendants do not assert that Espino, the individual defendant, is not an employer under the FLSA.

4

apply, Meggs must show that Defendants are engaged in commerce **and** that their gross sales exceed $500,000 annually. 29 U.S.C. §§ 207(a)(1); 203(s)(1)(A).

Regarding enterprise coverage, Defendants do not contest that Meggs has sufficiently pled the second prong — that Defendants grossed more than $500,000 annually. Their main point of contention is that Meggs has failed to plead sufficient factual allegations that Defendants were engaged in interstate commerce. [ECF No. 15, p. 5]. The Court disagrees. Here, unlike the cases on which Defendants rely on,[4] Meggs alleges Condotte's specific business — construction — and identifies specific interstate related construction projects Condotte has worked on: the Omni Guideway Metro Mover Extension and the Tamiami Toll Plazas. [ECF No. 13, ¶¶ 5-6]. Accordingly, the Court finds that Meggs has sufficiently alleged enterprise coverage under the FLSA. *See Roberts*, 2010 WL 114001, at *2-3.

Defendants next assert that Meggs has failed to sufficiently allege individual coverage under the FLSA. [ECF No. 15, p. 5]. As the Court has already found that Meggs has sufficiently pled a cause of action under enterprise coverage, the Court need not decide this issue. The Court notes, however, that as Meggs alleges he was employed

---

[4] *Lussi v. Design-Build & Eng'g, Inc.*, No. 09-23446-CIV, 2010 WL 1571158 (S.D. Fla. Apr. 20, 2010); *Bailey v. Cooper*, No. 10-81596-CIV, 2011 WL 818110 (S.D. Fla. Mar. 2, 2011); *Kendrick v. Eagle Int'l Grp., LLC*, No. 08-80909-CIV, 2009 WL 3855227 (S.D. Fla. Nov. 17, 2009). The Defendants' reliance on these cases is misplaced. In the foregoing cases, the plaintiffs, unlike Meggs, included little to no factual allegations regarding how the employer was purportedly engaged in interstate commerce.

by Condotte in the construction of highways, the case law does not appear to support the Defendants' contention. *See Archer v. Brown & Root, Inc.*, 241 F.2d 663, 667 (5th Cir. 1957) *cert. denied,* 335 U.S. 825 (1957) (finding individual coverage for employees involved in the construction of causeway linked to highway); *Austford v. Goldberg*, 292 F.2d 234 (8th Cir. 1961) (finding individual coverage for employees involved in the maintenance and repair of highways used for interstate commerce).

### B. Failure to State a Cause of Action – Collective Action Under The FLSA

Finally, Defendants contend that Meggs has insufficiently pled that there are similarly situated employees, a requirement to proceed as a collective action. "The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216)(b)). 29 U.S.C. § 216(b) provides that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Morgan*, 551 F.3d at 1258.

The Eleventh Circuit has not adopted a clear definition of how similar employees must be in order for a case to proceed as a collective action. *See Morgan,* 551 F.3d at 1259. It has, however, provided some guidance. The employees should be "'similarly situated' with respect to their job requirements and with regard to their pay

provisions." *Id.* (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)).[5]

Generally, whether a suit can be maintained as a collective action under the FLSA is determined not on a 12(b)(6) motion, but rather on a motion to conditionally certify a collective action. *Mitial v. Dr. Pepper Snapple Grp.*, No. 11-81172-CIV, 2012 WL 2524272, at *4 (S.D. Fla. June 29, 2012); *Dominguez v. Micro Ctr. Sales Corp.*, No. 11 C 8202, 2012 WL 1719793, at *2 (N.D. Ill. May 15, 2012). Nevertheless, where a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage. *See Dominguez*, 2012 WL 1719793, at *2; *Peralta v. Greco Int'l Corp.*, No. 11-22224-CIV, 2011 WL 5178274, at *4 (S.D. Fla. Oct. 31, 2011); *Pickering v. Lorillard Tobacco Co., Inc.*, No. 2:10-CV-633-WKW, 2011 WL 111730, at *2-3 (M.D. Ala. Jan. 13, 2011).

Here, Meggs has not yet moved for a conditional certification of the collective action, nor have any other potential plaintiffs filed written consents. Thus, Defendants'

---

[5] In *Carrera v. UPS Supply Chain Solutions, Inc.*, No. 10-60263-CIV, 2011 WL 1303151, at *4 (S.D. Fla. Mar. 31, 2011), and *Peralta*, 2011 WL 5178274, at *4, those courts set out the following five factors in determining whether employees were similarly situated: (1) the employees' job titles; (2) the geographic location where the employees worked; (3) the time period of the alleged violations; (4) the similarity of the policies and practices the employees were subject to; and (5) the employees' allegations of similar violations against the same defendant(s). While the Court finds these factors insightful and helpful, this Court declines to now adopt these factors as determinative as to what constitutes similarly situated employees. The Court further notes that the Eleventh Circuit has purposefully refrained from adopting any strict test as to what constitutes similarly situated employees. *Morgan*, 551 F.3d at 1260 n.38.

argument is premature at this stage.[6] *Mitial*, 2012 WL 2524272, at *4; *see also Moreno v. Ferretti Grp. of Am., LLC*, No. 10-24507-CIV, 2011 WL 4499031, at *3 (S.D. Fla. Sept. 27, 2011) (denying motion to dismiss collective action based on failure to file written consents of yet-to-be-identified similarly situated employees).

Moreover, the Court is satisfied that Meggs has sufficiently pled that there are similarly situated employees. Taking all well-pleaded facts in his amended complaint and all reasonable inferences drawn therefrom as true, Meggs has alleged that the similarly situated employees: worked as carpenters for Condotte [ECF No. 13, ¶ 7]; were employed between March 2009 and November 2011 [*Id.* at ¶¶ 3, 11, 18]; worked in Miami-Dade County [*Id.* at ¶ 7]; had work schedules and rates of pay which were controlled by Defendants [*Id.* at ¶¶ 8, 9]; and that Defendants failed to pay the required overtime wages for work performed in excess of forty hours per week [*Id.* at ¶ 18]. Thus, the Court finds that for purposes of surviving a motion to dismiss, Meggs has adequately pled that there are other similarly situated employees.[7]

Because the amended complaint adequately alleges an FLSA claim and the basis for a collective action (should Meggs file a motion after the submission of written consents), the Court also concludes that a more definite statement is not required.

---

[6] Of course, the Defendants may reassert these arguments in response to any future motion to conditionally certify a collective action.

[7] To be clear, the Court is not deciding or even implying whether Meggs and the alleged other potential future plaintiffs are similarly situated for purposes of class certification.

**IV. CONCLUSION**

For the reasons set out above, the Court **denies** the Defendants' motion [ECF No. 15].

DONE AND ORDERED in Chambers, Miami, Florida, August 17, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record